69 F.3d 541
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Karyn PETERSON, Appellant,
v.
SEAGATE TECHNOLOGY, INC., a Delaware Corporation, Appellee.
 No. 95-1486.
 United States Court of Appeals, Eighth Circuit.
 Submitted: October 20, 1995.
Filed: November 1, 1995.
 
 Before FAGG, LAY, and HEANEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Karyn Peterson appeals the district court's order of summary judgment for the defendant, Seagate Technology, Inc. Peterson brought suit alleging age discrimination, hostile work environment, sexual harassment, and quid pro quo sexual harassment under the Minnesota Human Rights Act, Minn.Stat. Ann. Sec. 363.01, et seq. (1991).
 
 
 2
 Peterson claims she was passed over on four separate occasions for a promotion to a trainer position. Peterson alleged in an affidavit that her performance evaluations were superior to the evaluations of those who were promoted. Seagate responds that the promotion decisions, which were made jointly by a supervisor, trainers, and utility operators, were not made on the basis of the performance evaluations, but rather focused on candidates' communication skills. Seagate provided affidavits of the various members of the decision-making team indicating that the team concluded Peterson was not the best candidate for the positions.
 
 
 3
 In conjunction with her allegation that her performance evaluations were superior to those who were promoted, Peterson failed to offer into evidence the performance evaluations of the persons who were appointed to the job. Moreover, she failed to refute Seagate's claims that the evaluations were not used by the team in the decision-making process. As such, her allegations are insufficient. Fed.R.Civ.P. 56(d).
 
 
 4
 Accordingly, we affirm pursuant to Rule 47B. See 8th Cir. R. 47B.
 
 
 5
 A true copy.